IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY D. WILLIAMS                                                                                    PLAINTIFF

vs.                                        Civil No. 13-2012

SUPERVISOR DALE OWENS; and
JOHNNY SPICKELMIER                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff, Bobby D. Williams, pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.

Defendants have filed a summary judgment motion (Docs. 19-21).  Plaintiff responded to the motion (Docs. 24 & 26).  The motion is ready for decision.

### 1.  Background

According to the allegations of the complaint, Williams was on parole and being supervised by Parole Officer Johnny Spickelmier.  On October 10, 2012, Williams contends Spickelmier came to the residence of Williams' ex-girlfriend in Alma, Arkansas.   A search was performed and a weapon found.  Williams maintains it was not his weapon and he was not living at the residence. Instead, he asserts his parole address had not changed.

Williams alleges Spickelmier and his supervisor, Dale Owens, changed his parole address without his consent.  Williams filed this civil rights action on January 15, 2013.  At the time, he was incarcerated in the Omega Technical Violators Program of the Arkansas Department of Community Correction.

### 2. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*

475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

**3.  Discussion**

Defendants maintain they are entitled to judgment in their favor because Williams failed to exhaust the grievance procedure at the Omega Unit. At the time of Williams' incarceration, Defendants note that Administrative Directive 08-09 described the Omega Unit's available grievance procedure. In support of their motion, Defendants submit a copy of Administrative Directive: 08-09 Resident Grievance and Appeal Process and the declaration of Warden Kathy Brown. She indicates that Williams did not "utilize the unit grievance procedure with regard to the allegations of his complaint."

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). In *Jones v. Bock,* 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to clam, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction." *Lenz v. Wade*, 490 F.3d 991, 993 n. 2 (8th Cir. 2007).

The Supreme Court in *Booth v. Churner*, 532 U.S. 731, 738-39 (2001) held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." *Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir. 2001). The exhaustion requirement applies to "all inmate suits about prison life." *Porter*, 534 U.S. at 532. This is true whether the claims "involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Id.*

Williams concedes he did not file a grievance at the Omega Unit regarding the conduct of the Defendants. Instead, he asserts that he did not know he could assert a grievance against Defendants **through** the Omega Unit.

I agree that Administrative Directive 08-09 is inapplicable. It applies to "DCC residential center employees and residents." *Defts' Ex.* 1 at pg. 1. Defendants are not employees of the residential center. Further, the policy provides that "[r]esidents shall have the opportunity to initiate

-3-

grievance procedures **on any condition or action within the residential facility operation** without being subject to any adverse action." *Id.* (emphasis added). Williams' claim has nothing to do with any condition or action within the residential facility operation.

### 4. Conclusion

For the reasons stated, I recommend that Defendants' motion for summary judgment (Docs. 19-21) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of July 2014.

/s/ *J. Marschewski*
　HON. JAMES R. MARSCHEWSKI
　CHIEF UNITED STATES MAGISTRATE JUDGE