IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY D. WILLIAMS                                                            PLAINTIFF

v.                                Case No. 2:13-CV-02012

DALE OWENS, Supervisor, Parole and Probation Office;
and JOHNNY SPICKELMIER, Parole Officer                         DEFENDANTS

**O R D E R**

Currently before the Court are the findings and recommendations (Doc. 35) of the Honorable James R. Marschewski, Chief United States Magistrate for the Western District of Arkansas. Also before the Court are Defendants' objections (Doc. 38). No response to the objections was filed by Plaintiff. The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Defendants have raised objections. 28 U.S.C. § 636(b)(1).

The Magistrate recommends that Defendants' motion for summary judgment (Doc. 19) be denied. Defendants moved for summary judgment on the basis that Plaintiff had not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a). The Magistrate reasoned that the grievance procedure for the unit where Plaintiff was housed did not apply to Plaintiff's current claims. Both the Magistrate and Defendants cite to wording in the grievance procedure (Doc. 21-1) to support their reasoning that the grievance procedure does not or does apply to Plaintiff's claims, respectively. The Court adopts the ultimate recommendation that Defendants' motion for summary judgment be denied but departs slightly from the reasoning of the Magistrate. The Court makes no final determination as to whether the grievance procedure (Doc. 21-1) does or does not apply, as the wording of the procedure could logically be

construed either way. Rather, the Court finds that summary judgment should be denied based on the fact that there is at least a genuine issue as to whether the grievance procedure applies to the claims brought by Plaintiff in this action.

While the grievance procedure cited to by Defendants purports to apply broadly to "the resolution of complaints that pertain to the administration and operation of the facility *or* acts by [Department of Community Correction] DCC employees,"[1] the policy also states that the grievance procedure can be initiated as to "any condition or action *within the residential facility operation.*"[2] Therefore, while the policy could be construed as applicable to Plaintiff's claims by virtue of the fact that Defendants are DCC employees, the policy might also be construed as inapplicable to Plaintiff's claims by virtue of the fact that his claims have nothing to do with any condition or action taken within the residential facility operation. The PLRA's exhaustion requirement is an affirmative defense that Defendants have the burden of pleading and proving. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam). Defendants have failed to meet that burden via the instant motion for summary judgment.

In addition to the concern over the language used in the grievance policy at issue, the Court is also not convinced that the PLRA's exhaustion requirements apply to this case. Title 42 U.S.C. § 1997e(a) limits the ability of a prisoner to bring an action "with respect to prison conditions." *See Porter v. Nussle*, 534 U.S. 516, 529 (2002) (discussing the meaning of "prison conditions" in 42 U.S.C. § 1997e and stating that it was plausible "that Congress inserted 'prison conditions' into the exhaustion provision simply to make it clear that preincarceration claims fall outside § 1997e(a), for

---

[1] Doc. 21-1, p. 1, § III(A)(1).

[2] *Id.* at § II (emphasis added).

example, . . . a § 1983 claim against his arresting officer). Plaintiff's claim in this case does not arise from an action or condition that he was subjected to while in prison. Rather, his complaint arises from actions allegedly taken by Defendants while Plaintiff was neither incarcerated nor in custody.

Therefore, the Court, being well and sufficiently advised, finds that the report and recommendations (Doc. 35) is ADOPTED, with the exception of the difference in reasoning set forth above. For the reasons stated herein and in the report and recommendations, IT IS ORDERED that Defendants' motion for summary judgment (Doc. 19) is DENIED.

Defendants were directed by the Magistrate to file their motion for summary judgment by July 1, 2013. They sought and were granted a two-month extension—to August 30, 2013—to file the motion. Defendants should have raised all arguments supporting their belief that they were entitled to summary judgment in that same motion. They did not do so and, as a result, now request the opportunity to file a second motion, which will necessitate another round of motion practice. Nevertheless, in the interests of defining the issues and expediting adjudication of this matter, the Court will allow Defendants to file a second motion for summary judgment. As the original deadline for filing such motion has long since passed, and Defendants should have been prepared to advance all their arguments at that time, the Court ORDERS that any second motion for summary judgment be filed on an expedited basis **by Monday, September 8, 2014**. Once the motion has been filed, the Court will either set a date for a hearing and allow Plaintiff to respond to the motion by testifying and presenting exhibits or Plaintiff will be asked to respond in writing and to inform the Court whether he requires assistance in doing so.

The Clerk is directed that this case should no longer be referred to the Magistrate in its entirety. Currently pending motions (Docs. 34, 36, and 37) should, however, remain referred.

IT IS SO ORDERED this 27th day of August, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE